IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FUAD FARFAN ALI AL SHARABI and FATHIYA ABDO ALHAJ MAAMOON, Plaintiffs, v. GERARD HEINAUER, et al., Defendants. | Case No. C-10-2695 SC<br><br>ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT |

**I. INTRODUCTION**

Plaintiffs Fuad Farfan Ali Al Sharabi ("Al Sharabi") and Fathiya Abdo Alhaj Maamoon ("Maamoon") (collectively, "Plaintiffs") commenced this action against several government officers and agencies (collectively, "Defendants" or "the government") seeking declaratory and injunctive relief under the Administrative Procedure Act ("APA"). ECF No. 1 ("Compl."). Plaintiffs challenge the denial by U.S. Citizenship and Immigration Services ("USCIS") of the Refugee/Asylee Relative Petition ("Form I-730") filed by Al Sharabi for the benefit of Maamoon. Id. Now before the Court are fully briefed cross-motions for summary judgment. ECF Nos. 12 ("Pls.' Mot."), 14 ("Defs.' Mot."), 18 ("Pls.' Opp'n"), 19 ("Defs.' Reply"). For the following reasons, the Court DENIES Plaintiffs' Motion and GRANTS the government's Motion.

///

///

**II. BACKGROUND**

The following facts are undisputed. Plaintiff Al Sharabi is a native and citizen of Yemen. Administrative Record, ECF No. 11-1 ("AR") at 1. On December 5, 1987, Al Sharabi married Badria Haza Ahmed Hassan ("Hassan") in Yemen. Id. at 12-13. On July 2, 2000, he married his second wife, Plaintiff Maamoon, also in Yemen. Id. at 15-17. The parties agree that polygamous marriages are legally recognized in Yemen. See Pls.' Mot, Defs.' Mot; see also C. Smearman, "Second Wives' Club: Mapping the Impact of Polygamy in U.S. Immigration Law," 27 BERKELEY J. INT'L L. 382, 386 (2009). On May 14, 2005, Al Sharabi arrived in the United States. ECF No. 8 ("Defs.' Answer") ¶ 5. On July 19, 2005, the marriage between Al Sharabi and Hassan was legally terminated in Yemen. AR at 18-19.

On November 9, 2005, Al Sharabi filed a petition for asylum status, which an immigration judge denied on November 16, 2007. Id. at 10. Al Sharabi appealed, and on May 6, 2009, the Board of Immigration Appeals ("BIA") granted Al Sharabi's petition for asylum. AR at 9-11. On July 8, 2009, Al Sharabi filed a Form I-730 with USCIS, seeking a visa for Maamoon under 8 U.S.C. § 1158(b)(3), which provides that the spouse or child of an alien who is granted asylum may also be granted similar status. Id. at 1. On February 8, 2010, USCIS denied Al Sharabi's petition, citing Matter of H, 9 I. & N. Dec. 640 (BIA 1962), for the proposition that a polygamous marriage is not recognized for immigration purposes even if the prior marriage is dissolved after the second marriage is celebrated. AR at 38-39. On June 21, 2010, Plaintiffs commenced this action challenging USCIS's denial under the APA. See Compl.

2

## III. LEGAL STANDARDS

### A. Summary Judgment

Entry of summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment should be granted if the evidence would require a directed verdict for the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986). Thus, "Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255.

### B. Judicial Review under the APA

Under the APA, an agency action may be held unlawful and set aside if the court finds it to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). The agency's factual findings are reviewed for substantial evidence. Herrera v. U.S. Citizenship and Immigration Servs., 571 F.3d 881, 885 (9th Cir. 2009). "Review under the arbitrary and capricious standard is narrow and [the court does] not substitute [its] judgment for that of the agency." Tucson Herpetological Soc'y v. Salazar, 566 F.3d 870, 875 (9th Cir. 2009). The agency's action is presumed valid and should be affirmed "if a reasonable basis exists for its decision." Kern Cnty Farm Bureau

v. Allen, 450 F.3d 1072, 1076 (9th Cir. 2006) (internal quotation omitted). Nonetheless, the Court's "review still must be searching and careful, subjecting the agency's decision to close judicial scrutiny." Containerfreight Corp. v. United States, 752 F.2d 419, 422 (9th Cir. 1985) (citations and internal quotations omitted). "[T]he court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error." 5 U.S.C. § 706(2)(A).

## IV. DISCUSSION

The Immigration and Nationality Act ("INA") provides: "[a] spouse or child . . . of an alien who is granted asylum under this subsection may, if not otherwise eligible for asylum under this section, be granted the same status as the alien if accompanying, or following to join, such alien." 8 U.S.C. § 208(b)(3). While the validity of a marriage, for the purposes of immigration, is usually governed by "the law of the place of celebration," Matter of Ma, 15 I. & N. Dec. 70 (BIA 1974), an exception to this rule exists "in the case of marriages repugnant to the public policy of the domicile of the parties, in respect to polygamy, incest, or miscegenation, or otherwise contrary to its positive laws," Matter of H, 9 I. & N. Dec. 640 (BIA 1962).

In the denial of Al Sharabi's petition, USCIS concluded that the 2000 Al Sharabi/Maamoon marriage "cannot be considered valid for immigration purposes" because Al Sharabi was already married to Hassan when he married Maamoon. AR 38-39. The denial cited Matter of Mujahid, 15 I. & N. Dec. 546 (BIA 1976) for the proposition that "even if the marriage is valid where celebrated, it is void as

4

against public policy in the United States because it is a polygamous marriage and, therefore, cannot be recognized as a valid marriage for immigration purposes." AR 39. It cited <u>Matter of H</u>, 9 I. & N. Dec. 640 (BIA 1962) for the proposition that "[t]he fact that the prior marriage of the beneficiary was dissolved subsequent to the second polygamous marriage would not appear to affect the non-recognition of the polygamous marriage." AR 39.

Plaintiffs argue that USCIS's denial of Al Sharabi's petition was arbitrary, capricious, an abuse of discretion, and not otherwise in accordance with the law. Pls.' Mot. at 2-3. Plaintiffs essentially argue that the Al Sharabi/Maamoon marriage was not polygamous at the time Al Sharabi's petition was filed because the Al Sharabi/Hassan marriage had already been terminated. <u>Id.</u> at 7.

Plaintiffs make two arguments that this denial should be reversed. First, they argue that USCIS deviated from a "long-standing," "established," and "standard" practice of recognizing an otherwise valid marriage if the polygamous spouse terminates all marriages that preceded the one with the spouse he seeks to have recognized for U.S. immigration purposes. Pls.' Mot. at 2-3, 7. The government disputes this contention, and argues that USCIS has an established practice of not recognizing such marriages. Defs.' Mot. at 7. The government argues that this position is so well-established that USCIS and the Department of State have included a section on the web site for the U.S. Embassy in Yemen that states:

> U.S. law does not allow polygamy. If you were married before, you and your spouse must both show that you ended (terminated) all previous marriages before your current marriage . . . . In cases of legal marriage to two or more spouses at the same time, or marriages

5

> overlapping for a period of time, you can file only for your first spouse.

Id. at 7.

Plaintiffs fail to present any credible evidence suggesting USCIS has a practice of recognizing marriage such as the Al Sharabi/Maamoon marriage; accordingly, the Court finds Plaintiffs have failed to show a genuine issue of material fact as to the existence of such a practice.[1]

Second, Plaintiffs argue that Matter of H, the case relied upon by USCIS in its denial, no longer reflects "the policy goals of the current INA." Pls.' Mot. at 8. Plaintiffs allege that the Immigration Act of 1990 ("IMMACT 90") "radically altered" the INA (specifically, 8 U.S.C. § 1182), and argue that Matter of H "interpreted a different version of the INA that took a much harsher approach to polygamy." Pls.' Opp'n at 2, Pls.' Mot. at 9. Plaintiffs suggest that Matter of H's reference to "miscegenation" is evidence that the opinion is clearly out of step with current immigration policy. Pls.' Mot. at 8. Plaintiffs argue that IMMACT 90 replaced the IMA's bar on aliens who are polygamists, practice polygamy, or advocate the practice of polygamy with a bar on aliens

---

[1] Plaintiffs' support is limited to citations to a brief section of an immigration law treatise and a law review article. Pls.' Mot. at 5-6 (citing Immigr. L. & Fam. § 4:19 (2010) and 27 Yale L. & Pol'y Rev. 335, 388-89 (2009)). The treatise includes the unsupported statement that "the USCIS will not permit a subsequent spouse to immigrate until the petitioner terminates his marriages with the spouses that chronologically preceded her." Immig. L. & Fam. § 4:19. The law review article states that some Somali immigrants were granted U.S. refugee status only after divorcing "all their wives but one as a condition of admission." 27 Yale L. & Pol'y Rev. at 388-89. This statement is supported by a citation to an unpublished interview with another author. Id. Even if the Court set aside sizable issues of the admissibility and trustworthiness of these statements, neither creates a triable issue of fact as to the existence of such a practice by USCIS with respect to Form I-730 petitions.

6

"coming to the United States to practice polygamy." Pls.' Mot. at 5. Plaintiffs cite legal scholarship which they allege shows that this change was made to "shift the focus of these exclusions from past deeds and belief to anticipated future conduct." Id. Plaintiffs also argue that because the Al Sharabi/Maamoon marriage was valid in Yemen and the Al Sharabi/Hassan marriage had already been terminated, the Al Sharabi/Maamoon marriage satisfied the Defense of Marriage Act's ("DOMA") requirement that it be a "legal union between one man and one woman as husband and wife." Id. at 9.

The government argues that its denial was not based on Al Sharabi's and Maamoon's polygamous history, but rather on the invalidity of the Al Sharabi/Maamoon marriage, which was entered into while Al Sharabi was married to Hassan. Defs.' Mot. at 6-7. The government argues that neither DOMA nor IMMACT 90 alters the rule that, under BIA precedent, polygamous marriages are not recognized for the purposes of immigration. Id. (citing In re Lova-Lara, 23 I. & N. Dec. 746, 2005 WL 1181062, at *5, n.3 (BIA 2005)). The government stresses that the USCIS decision does not serve as an immigration bar for former polygamists, stating: "Plaintiff is free to remarry Ms. Maamoon and then file a Form I-330 immigrant relative petition for her after he becomes a lawful permanent resident, should he choose to apply for adjustment of status when he becomes eligible." Id.

Plaintiffs argue that such an alternative "could take several years," and state that because Al Sharabi is an asylee fearing prosecution in Yemen, Al Sharabi and Maamoon may suffer a long-term separation while her application for permanent residence is

pending.  Pls.' Opp'n at 10.  The government contends that Al Sharabi has been eligible since September 1, 2010 to file a Form I-485 and adjust his status.  Defs.' Reply at 1 n.1.

While the Court is sympathetic to Plaintiffs' situation, the Court finds USCIS's denial was not arbitrary, capricious, an abuse of discretion, or in discord with the law.  USCIS has an established practice of <u>not</u> recognizing polygamous marriages for the purpose of Form I-730 petitions.  This practice is consistent with BIA precedent and not contrary to the law.  USCIS's denial articulated a rational connection between the facts found and the conclusions made.  Because there is no material dispute as to these facts, the government is entitled to judgment in its favor as a matter of law.  As such, the Court GRANTS the government's Motion, DENIES Plaintiffs' Motion, and enters judgment in favor of the government and against Plaintiffs.

**V.    CONCLUSION**

For the foregoing reasons, the Court GRANTS the government's motion for summary judgment and DENIES the motion for summary judgment of Plaintiffs Fuad Farfan Ali Al Sharabi and Fathiya Abdo Alhaj Maamoon.  The Court enters JUDGMENT in favor of the government and against Plaintiffs.

IT IS SO ORDERED, ADJUDGED, AND DECREED.

Dated: September 2, 2011

UNITED STATES DISTRICT JUDGE

8